UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| CRICUT, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>SHANGHAI SISHUN E-COMMERCE CO., LTD.; SHANGHAI SISHUN CO., LTD.; BOZHOU WANXINGYU TECHNOLOGY CO., LTD.; BOZHOU ZHONGDAXIANG TECHNOLOGY CO., LTD.; and WUYI BOHAI ELECTRIC TOOLS CO., LTD.,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR ALTERNATIVE SERVICE**<br>**(DOC. NO. 27)**<br><br>Case No. 2:24-cv-00747<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

      Cricut, Inc. brought this patent infringement action against five Chinese entities, alleging they make and sell cutting machine products which infringe Cricut's patent.[1] Cricut moves for leave to effect service of process by email pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure—specifically, by email to an attorney who informed Cricut's counsel he had been retained to represent the defendants in this lawsuit.[2] The defendants have filed an opposition to the motion, through different counsel, arguing Cricut must effect service pursuant to the Hague Convention.[3] Because service by

---

[1] (*See generally* Compl., Doc. No. 1.)

[2] (Ex Parte Mot. for Service By Alternative Means (Mot.), Doc. No. 27.)

[3] (*See* Resp. to Ex Parte Mot. for Service by Alternative Means (Resp.), Doc. No. 36.)

email is permissible under Rule 4(f)(3), Cricut is not required to first attempt service via the Hague Convention, and service by email to the defendants' attorneys is reasonably calculated to provide notice and an opportunity to respond, Cricut's motion is granted.

## BACKGROUND

According to Cricut, the defendants are corporations organized under the laws of China, with principal places of business in China.[4] As set forth in Cricut's motion and supporting declaration, Cricut first attempted to serve the defendants by serving the complaint and summonses on Di Di Law, P.C., a California law firm which the defendants designated as their United States contact with the U.S. Patent and Trademark Office.[5] When the defendants subsequently failed to answer or appear, Cricut "took additional actions to solicit a response from Defendants by emailing the summonses and the Complaint to every email address Cricut could find for anyone associated with Defendants."[6] Following these emails, Mainleaf Law Group PLLC emailed Cricut's counsel on December 30, 2024, stating the firm had been retained by the defendants to represent them in this case.[7] Cricut's counsel then emailed Mainleaf a copy of the complaint.[8] An attorney at Mainleaf, Yue "Frank" Niu (who Cricut indicates

---

[4] (Compl. ¶ 3, Doc. No. 1.)

[5] (See Mot. ¶¶ 7–8, Doc. No. 27; Decl. of Jeremy Stewart (Stewart Decl.) ¶ 6, Doc. No. 27-1; Summonses Returned Executed, Doc. Nos. 19–23.)

[6] (Mot. ¶ 9, Doc. No. 27; see also Stewart Decl. ¶ 8, Doc. No. 27-1.)

[7] (Mot. ¶ 10, Doc. No. 27; Stewart Decl. ¶ 9, Doc. No. 27-1; Ex. 1 to Stewart Decl., Email dated Dec. 30, 2024, Doc. No. 27-1 at 8.)

[8] (Stewart Decl. ¶ 10, Doc. No. 27-1.)

is licensed in California), later emailed Cricut's counsel asserting service had not been effected because Di Di Law, P.C. was not authorized to accept service on behalf of the defendants and did not transmit the documents to the defendants.[9] When Cricut's counsel asked if Mr. Niu would accept service, he responded that he was not authorized to do so.[10]

Cricut then filed the instant motion, seeking leave to serve the defendants by email to Mr. Niu.[11] On March 20, 2025, the defendants responded to the motion through two other attorneys—Matthew Barlow, a Utah attorney, and Darren Heitner, a Florida attorney admitted pro hac vice.[12] The defendants also filed declarations dated March 10, 2025, from "legal representatives" of four of the defendants, providing their addresses in China.[13] (The response asserts one of the defendants, Shanghai Sishun Co., Ltd., is not an "existing company.")[14] Cricut's counsel then asked Mr. Barlow and Mr. Heitner to accept service.[15] Mr. Barlow responded that he was not authorized to

---

[9] (*Id.* ¶ 13; Ex. 2 to Stewart Decl., Email dated Feb. 20, 2025, Doc. No. 27-1 at 10–11.)

[10] (Stewart Decl. ¶ 14, Doc. No. 27-1; Ex. 2 to Stewart Decl., Email dated Feb. 21, 2025 and Email Reply from Y. Niu, Doc. No. 27-1 at 10.)

[11] (*See* Mot. 8, Doc. No. 27.)

[12] (Resp., Doc. No. 36.)

[13] (*See* Decl. of Rongxing Cui, Doc. No. 37; Decl. of Shuai Zhao, Doc. No. 38; Decl. of Rubao Jiao, Doc. No. 39; Decl. of Weijun Li, Doc. No. 40.)

[14] (Resp. 2 n.1, Doc. No. 36.)

[15] (*See* Second Decl. of Jeremy Stewart (Second Stewart Decl.) ¶ 5, Doc. No. 41-1.)

accept service, and Mr. Heitner did not respond.[16] In its reply, Cricut seeks leave to serve the defendants via email to all three attorneys they have retained.[17]

## LEGAL STANDARDS

Rule 4(h) of the Federal Rules of Civil Procedure provides that a foreign corporation, partnership, or other unincorporated association may be served outside the United States "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery."[18] Rule 4(f) governs service of an individual outside the United States and permits service as follows:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice [as enumerated in subsections (A)–(C)]; or
>
> (3) by other means not prohibited by international agreement, as the court orders.[19]

Courts interpreting Rule 4(f) have concluded it does not create a hierarchy of preferred methods of service, and parties are not required to comply with Rule 4(f)(1) or

---

[16] (*Id.*; Ex. 1 to Second Stewart Decl., Email dated Mar. 31, 2025, Doc. No. 41-1 at 8.)

[17] (Reply 10, Doc. No. 41.)

[18] Fed. R. Civ. P. 4(h)(2).

[19] Fed. R. Civ. P. 4(f).

(2) before seeking service under Rule 4(f)(3).[20]  The relevant inquiry under Rule 4(f)(3) is whether the requested method of service is prohibited by international agreement, including the Hague Convention.[21]  A method of service authorized under Rule 4(f)(3) must also comport with constitutional notions of due process, meaning it must be "reasonably calculated to provide notice and an opportunity to respond."[22]

## ANALYSIS

Cricut's proposed method of service is permissible under Rule 4(f)(3).  First, service by email is not prohibited by international agreement.  China is a signatory to the Hague Convention.[23]  The Hague Convention does not expressly prohibit service by email, and courts in this district and other jurisdictions have permitted service by email under Rule 4(f)(3).[24]  Likewise, the Hague Convention does not expressly prohibit

---

[20] *See, e.g.*, *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002); *Neck Hammock, Inc. v. Danezen.com*, No. 2:20-cv-00287, 2020 U.S. Dist. LEXIS 202808, at *8 (D. Utah Oct. 29, 2020) (unpublished).

[21] *Compañía de Inversiones Mercantiles, S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.V.*, 970 F.3d 1269, 1294 (10th Cir. 2020); *Rio Props.*, 284 F.3d at 1015 n.4; *Neck Hammock*, 2020 U.S. Dist. LEXIS 202808, at *9.

[22] *Neck Hammock*, 2020 U.S. Dist. LEXIS 202808, at *11–12 (quoting *Rio Props.*, 284 F.3d at 1017).

[23] *See* Contracting Parties, Hague Conference on Private International Law, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 [https://perma.cc/B99R-65TG].

[24] *See, e.g.*, *Neck Hammock*, 2020 U.S. Dist. LEXIS 202808, at *11–12; *Williams-Sonoma Inc. v. Friendfinder, Inc.*, No. C 06-06572, 2007 U.S. Dist. LEXIS 31299, at *5–6 (N.D. Cal. Apr. 17, 2007) (unpublished).  China has objected to Article 10 of the Hague Convention, which permits service "by postal channels, directly to persons abroad" only if the "State of destination does not object."  20 U.S.T. 361, art.

service through a foreign defendant's United States-based counsel, and the Tenth Circuit has approved this method of service under Rule 4(f)(3).[25] In other words, Cricut's proposal to serve the defendants via email to their United States counsel is not prohibited by international agreement—the first requirement of Rule 4(f)(3).

Second, Cricut's proposed service method comports with constitutional notions of due process because it is "reasonably calculated to provide notice and an opportunity to respond."[26] Numerous courts have determined service of process by email meets constitutional due process requirements.[27] Likewise, numerous courts have permitted service on foreign defendants through their retained United States counsel, regardless

---

10(a); Hague Conference on Private International Law, https://www.hcch.net/en/instruments/conventions/statustable/notifications/?csid=393&disp=resdn [https://perma.cc/94RU-S8FG] (translation of China's declaration of opposition to Article 10). Courts are split as to whether a country's objection to Article 10(a) is an objection to service by email, but the majority have concluded it does not equate to an objection to email service. *See Neck Hammock*, 2020 U.S. Dist. LEXIS 202808, at *10.

[25] *See Compañía de Inversiones Mercantiles, S.A.*, 970 F.3d at 1294–95 (noting "numerous courts have authorized alternative service under Rule 4(f)(3), including [s]ervice upon a foreign defendant's United States-based counsel, in cases involving countries that have objected to the alternative forms of service permitted under Article 10 of the Hague Convention" (alterations in original) (internal quotation marks omitted)).

[26] *Neck Hammock*, 2020 U.S. Dist. LEXIS 202808, at *12 (quoting *Rio Props.*, 284 F.3d at 1017).

[27] *See, e.g.*, *DoTerra Holdings v. Zkouty*, No. 2:22-cv-00529, 2023 U.S. Dist. LEXIS 163849, at *4 (D. Utah Sept. 13, 2023) (unpublished) (noting "service by email is likely the most effective way to notify Defendants of this case"); *DP Creations, LLC v. Reborn Baby Mart*, No. 2:21-cv-00574, 2021 U.S. Dist. LEXIS 266076, at *20 (D. Utah, Nov. 22, 2021) (unpublished) ("In this case, email service clearly comports with constitutional notions of due process."); *Rio Props.*, 284 F.3d at 1017 (concluding "[w]ithout hesitation" that service of process by email met constitutional due process requirements).

of whether counsel is specifically authorized to accept service.[28] In this case, service via email to the defendants' three retained attorneys is reasonably calculated to provide notice and an opportunity to respond. Mr. Niu stated he was retained by the defendants to represent them in this lawsuit, and Mr. Barlow and Mr. Heitner have filed documents in this case on the defendants' behalf. These attorneys have communicated with Cricut's counsel by email and are clearly able to provide the complaint to the defendants—as demonstrated by their ability to obtain and file declarations from the defendants' "legal representatives" in China. Accordingly, the proposed method of service comports with due process—the second requirement of Rule 4(f)(3).

Contrary to the defendants' argument, Cricut is not required to attempt service under the Hague Convention before pursuing alternative service under Rule 4(f)(3). Courts have specifically rejected this notion,[29] and the defendants cite no authority to the contrary. The defendants rely on the Supreme Court's statement in *Volkswagenwerk Aktiengesellschaft v. Schlunk* that "compliance with the [Hague] Convention is mandatory in all cases to which it applies."[30] But the Court in that case held the Hague Convention only applies "[i]f the internal law of the forum state defines the applicable method of serving process as requiring the transmittal of documents

---

[28] *See Compañía de Inversiones Mercantiles, S.A.*, 970 F.3d at 1295 (collecting cases).

[29] *See Rio Props.*, 284 F.3d at 1015; *Neck Hammock*, 2020 U.S. Dist. LEXIS 202808, at *8.

[30] 486 U.S. 694, 705 (1988).

abroad."[31]  Where a forum's laws authorize another method of service that comports with due process (in that case, service on a domestic agent), the Convention "has no further implications," and service is proper under the alternative method.[32]  Following this decision, numerous courts have held Rule 4(f)(3) authorizes alternative methods of service, and service of foreign defendants under the Hague Convention is not required.[33]  This includes *DoTerra Holdings v. Zkouty*.[34]  The defendants cite *DoTerra Holdings* for the proposition that service under the Hague Convention is required, but the court actually permitted alternative service via email under Rule 4(f)(3).[35]

The defendants also argue alternative service is only permitted if their addresses are unknown.[36]  While the Hague Convention does not apply "where the address of the person to be served with the document is not known,"[37] the cases discussed above make clear this is not the only circumstance where alternative service is permitted. Rather, Rule 4(f)(3) allows a court to order service "by other means not prohibited by

---

[31] *Id.* at 700.

[32] *Id.* at 707–08.

[33] *E.g.*, *Compañía de Inversiones Mercantiles, S.A.*, 970 F.3d at 1294–95; *Rio Props.*, 284 F.3d at 1015–16; *Neck Hammock*, 2020 U.S. Dist. LEXIS 202808, at *8–9.

[34] 2023 U.S. Dist. LEXIS 163849, at *4–6.

[35] *Id.*

[36] (Resp. 5, Doc. No. 36.)

[37] 20 U.S.T. 361, art. 1.

international agreement" so long as the method comports with due process.[38] The defendants cite no authority holding Rule 4(f)(3) requires an additional showing that a defendant's address is unknown.

## CONCLUSION

Because service by email to the defendants' retained United States attorneys is permissible under Rule 4(f)(3) and comports with due process, Cricut's motion for alternative service[39] is granted. Cricut may serve the defendants by emailing the summons, complaint, and a copy of this order to the defendants' three attorneys (Mr. Niu, Mr. Barlow, and Mr. Heitner) at the email addresses identified in Cricut's reply.

DATED this 7th day of May, 2025.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[38] Fed. R. Civ. P. 4(f)(3); *Rio Props.*, 284 F.3d at 1015–16; *DoTerra Holdings*, 2023 U.S. Dist. LEXIS 163849, at *3; *see also Neck Hammock*, 2020 U.S. Dist. LEXIS 202808, at *8 ("[S]ervice of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief; [i]t is merely one means among several which enables service of process on an international defendant. Moreover, other courts have recognized that the Hague Service Convention does not displace Rule 4(f)(3)." (second alteration in original) (internal quotation marks and citations omitted)).

[39] (Doc. No. 27.)